UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CRIMINAL ACTION NO. 5:13CR-31-TBR

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

RALPH EDWARD AYDELOTT                                                                    DEFENDANT

**MEMORANDUM AND ORDER**

Defendant Ralph Edward Aydelott filed a *pro se* letter (DN 39) indicating that he believes that he is entitled to relief under *Johnson v. United States*. He also requests the Court to appoint an attorney to represent him.

The Court construes the letter as seeking relief under the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), wherein the Supreme Court held that the "residual clause" of the Armed Career Criminal Act is void for vagueness in violation of the Fifth Amendment.

Under 28 U.S.C. § 2255, a federal prisoner seeking release on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." § 2255(a). Because Defendant is a federal prisoner and is challenging his federal sentence on grounds that it violated the Constitution, the Court concludes that Defendant's filing falls within the parameters of § 2255.

Before the Court will construe the filing as seeking relief under § 2255, it is required to provide Defendant with an opportunity to withdraw or amend it. *In re Shelton*, 295 F.3d 620 (6th Cir. 2002) (holding that district court must first give *pro se* prisoner notice that a motion

may be recharacterized as a § 2255 motion). If Defendant wishes to proceed, then Defendant is **warned** that such recharacterization of his filing as a § 2255 motion means that any subsequent § 2255 motion will be subjected to the restrictions on subsequent or successive § 2255 motions. *See Castro v. United States*, 540 U.S. 375, 383 (2003).[1]  **If a federal prisoner fails to include all of his claims in an initial § 2255 motion, he may lose any other claims if he tries to assert them later.**  This Court, therefore, will provide Defendant with an opportunity to withdraw his filing or to amend it so that it contains all of the claims that he believes that he has.

**WHEREFORE, IT IS ORDERED** as follows:

(1) **No later than 30 days** from the entry date of this Memorandum and Order, Defendant must notify the Court in writing whether he wants to withdraw his filing seeking § 2255 relief or amend it.

(2) If Defendant wishes to amend his § 2255 motion, he must complete a Court-approved § 2255 motion form, include all challenges that he wishes to make regarding his federal sentence, and return it to the Court no later than **30 days** from the entry date of this Memorandum and Order.  **Defendant must return a copy of the instant Memorandum and Order along with his amended motion**.

(3) Should Defendant choose to amend the motion and file a § 2255 motion form, the Clerk of Court is **DIRECTED to redocket the instant filing (DN 39) as a § 2255 motion to vacate, set aside or correct sentence as of the date it was originally filed and to docket the**

---

[1] Those restrictions are that a claim presented in a second or successive § 2255 motion that was not presented in the prior motion shall be dismissed unless Defendant shows that (1) the claim relies on a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court that was previously unavailable or that (2) the factual predicate for the claim could not have been discovered previously through due diligence and that the facts underlying the claim, if proven and considered in light of the evidence as a whole, would establish by clear and convincing evidence that no reasonable factfinder would have found Defendant guilty of the underlying offense. *See* 28 U.S.C. § 2244(b)(2); § 2255.

**amended motion as an amended § 2255 motion to vacate, set aside or correct sentence as of the date it is filed.**

(4) Defendant's failure to respond to this Memorandum and Order will result in recharacterization of the instant filing as a § 2255 motion. Therefore, should Defendant fail to respond to this Memorandum and Order within 30 days, the Clerk of Court is **DIRECTED to redocket the instant filing (DN 39) as a § 2255 motion to vacate, set aside or correct sentence as of the date it was originally filed.**

(5) The Clerk of Court is **DIRECTED** to send Defendant a § 2255 motion packet with the instant case number and "Amended" written on the § 2255 form and to send him a Prisoner *Pro Se* Handbook.

(6) Defendant's request for appointment of counsel (DN 39) is **DENIED** as premature at this time.

Date:


cc:     Defendant, *pro se*
        U.S. Attorney
4413.010