# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CRIMINAL ACTION NO. 5:13CR-31-TBR

UNITED STATES OF AMERICA                      RESPONDENT/PLAINTIFF

v.

RALPH EDWARD AYDELOTT                     MOVANT/DEFENDANT

## MEMORANDUM OPINION

Movant Ralph Edward Aydelott filed a motion and amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (DNs 39 and 45). The Court reviewed the motion and amended motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Upon review, the Court directed Aydelott to show cause why his motion should not be dismissed as barred by the applicable statute of limitations. Aydelott filed a response to the Show Cause Order. Upon review, for the reasons set forth below, the Court will deny the motion as untimely.

## I.

On February 12, 2014, Aydelott pleaded guilty to being a felon in possession of a handgun, and he was sentenced to 180 months' imprisonment. He appealed, and the Sixth Circuit Court of Appeals affirmed on January 7, 2015. He did not file a petition for writ of certiorari in the Supreme Court. On June 8, 2017, Aydelott filed a letter (DN 39) dated May 15, 2017,[1] stating his belief that he is entitled to relief under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). The Court found that the letter fell within the parameters of § 2255,

---

[1] Under the mailbox rule, a § 2255 motion is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Since Aydelott dated the letter May 15, 2017, the Court will consider it filed on this date under the mailbox rule.

informed him that his letter would be construed as a § 2255 motion if he did not withdraw it, and gave Aydelott the opportunity to file an amended § 2255 motion (DN 41). After the Court granted his motion for extension of time, Aydelott filed an amended § 2255 motion on September 8, 2017.

## II.

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255(f).

When a federal criminal defendant files an appeal to the court of appeals, the judgment of conviction becomes final for § 2255 purposes upon the expiration of the ninety-day period in which the defendant could have filed a petition for certiorari to the Supreme Court, even when no certiorari petition is filed. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). Thus, Aydelott's conviction became final ninety days after January 7, 2015,

or on April 7, 2015.  Aydelott, therefore, had until April 7, 2016, to file his § 2255 motion.  The Court considers the § 2255 motion as being brought on May 15, 2017, the date of Aydelott's letter requesting relief under *Johnson*, which the Court construed as the original § 2255 motion.  The motion was filed over one year after the statute of limitations expired, and therefore Aydelott's motion is subject to summary dismissal under § 2255(f)(1).

In his petition, Aydelott seeks relief under the Supreme Court's decision in *Johnson*, which held the residual clause of the Armed Career Criminal Act unconstitutional.  In *Welch v. United States*, __ U.S.__, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that "*Johnson* is retroactive in cases on collateral review[.]"  To the extent that Aydelott would argue that the petition is timely under § 2255(f)(3), the date which triggers the statute of limitations is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  § 2255(f)(3).  Here, the new rule announced in *Johnson*, made retroactively applicable to cases on collateral review, was recognized by the Supreme Court on June 26, 2015.  *See, e.g.*, *Story v. United States*, No. 2:13-CR-55-JRG-MCLC-1, 2016 U.S. Dist. LEXIS 166351, at *4 (E.D. Tenn. Dec. 2, 2016) ("[T]he new right on which Petitioner relies was first recognized in the *Johnson* decision, which the Supreme Court decided on June 26, 2015.") (citing *Johnson*, 135 S. Ct. at 2551.)  Thus, Aydelott had until June 26, 2016, in which to file a § 2255 motion seeking relief under *Johnson*.  The instant motion filed on May 15, 2017, was filed almost one year after the statute of limitations expired.  Therefore, the fact that Aydelott seeks relief under *Johnson* does not serve to avoid the statute of limitations bar.

However, because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling.  *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).

"'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). A movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561. "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

Before dismissing the action as time-barred, the Court provided Aydelott with an opportunity to show cause why he is entitled to equitable tolling. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). In Aydelott's response to the Show Cause Order, he argues that before he was transferred from state custody to the United States Penitentiary in May 2014, he had no knowledge of federal law. He states, "To be more precise, Aydelott is functionally illiterate when it comes to United States Federal Law. Also while in the state's custody, movant had no access to Federal Law or Supreme Court Law."

However, it is well-settled that an inmate's ignorance of the law is not a basis for applying equitable tolling. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (recognizing that ignorance of the law alone does not warrant equitable tolling); *Price v. Jamrog*, 79 F. App'x 110, 112 (6th Cir. 2003) (recognizing that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing") (quoting *Fisher v. Johnson*, 174 F.3d 710,

714 (5th Cir. 1999)); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . ., there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"); *Nhan Hoang Le v. Harrington*, No. SACV 10-1825-ODW (MAN), 2011 U.S. Dist. LEXIS 97360, at *20-21 (C.D. Cal. July 20, 2011) ("[A] lack of legal training and financial resources, unfortunately, tend to be constant, unchanging facts of life for most prisoners, a finding that these circumstances are 'extraordinary,' in spite of their pervasiveness, would create the potential for endless tolling . . . ."). Therefore, Aydelott has failed to establish that equitable tolling is warranted in this case.

For these reasons, the Court concludes that this action is untimely. By separate Order, the Court will dismiss this action.

### III. CERTIFICATE OF APPEALABILITY

In the event that Aydelott appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion

5

or that the movant should be allowed to proceed further. *Id*. at 484. In such a case, no appeal is warranted. *Id*. This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:


cc:    Movant/Defendant, *pro se*
       United States Attorney
4413.010